UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| THOMAS HOBBS, individually and On behalf of all others similarly situated, ] ] ] *Plaintiff*, ] ] v. ] ] SYSTEM ONE HOLDINGS, LLC ] ] *Defendant.* ] ] ] | Docket No. _____ JURY TRIAL DEMANDED COLLECTION ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**COLLECTIVE ACTION COMPLAINT**

### I.   SUMMARY

1.     System One Holdings, LLC ("System One") failed to pay Thomas Hobbs ("Hobbs"), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.     Instead, System One paid Hobbs, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.     Hobbs brings this collective action to recover unpaid overtime and other damages.

### II.   JURISDICTION & VENUE

4.     This Court has original subject matter jurisdiction. *See* 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

1

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because System One is headquartered in Pittsburgh and a significant portion of System One's business is conducted in this District.

### III.   THE PARTIES

6. Hobbs was an hourly employee of System One. Hobbs is an adult individual and resident of the state of North Carolina. Hobbs' written consent is attached as Exhibit A.

7. System One is Pennsylvania corporation, headquartered in Pittsburgh, and may be served with process by serving its registered agent at National Corporate Research, LTD 1601 Elm St. Suite 4360, Dallas, TX 75201.



8. Hobbs brings this action on behalf of himself and all other similarly situated workers who were paid straight time for overtime by Defendant.

---

[1] https://www.systemoneservices.com/locations/ (last visited February 7, 2018).

### IV.    COVERAGE UNDER THE FLSA

9.    At all relevant times, System One was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d)

10.    At all relevant times, System One was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.    At all relevant times, Hobbs and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### V.    THE FACTS

12.    System One is one of the largest staffing firms in the United States serving energy, industrial, engineering, information technology, professional, commercial, healthcare, scientific, legal and beyond.[2]

13.    System One has more than 7,000 employees and consultants from more than 50 offices and hundreds of client locations.[3]

14.    Hobbs was an hourly employee of System One.

---

[2] https://www.systemoneservices.com/system-one-story/ (last visited February 7, 2018).
[3] https://www.systemoneservices.com/system-one-story/ (last visited February 7, 2018).

15. System One hired Hobbs around December of 2014.

16. System One paid Hobbs $65 an hour.

17. Hobbs left System One's employment in September of 2016.

18. Hobbs was only paid for hours worked.

19. The hours Hobbs worked are reflected in System One's records.

20. System one paid Hobbs at the same hourly rate for all hours worked, including those in excess of 40 in a work week.

21. Rather than receiving time and a half as required by the FLSA, Hobbs only received "straight time" pay for overtime hours worked.

22. If Hobbs worked less than 40 hours in one workweek, he was only compensated for the hours he worked.

23. If Hobbs did not work, he did not get paid.

24. But Hobbs normally worked more than 40 hours in a workweek. For these hours, he received $65.00 for each hour over 40 hours worked.

25. System One had substantial control over Hobbs' working conditions, and over the unlawful policies and practices alleged herein.

26. System One was aware of the overtime requirements of the FLSA.

27. System One nonetheless failed to pay certain hourly employees, such as Hobbs, overtime.

28. System One's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### VI. COLLECTIVE ALLEGATIONS

29. System One's illegal policy of paying straight time for overtime violates the FLSA.

30. System One paid hundreds of hourly workers using the same unlawful scheme.

31. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

32. The workers impacted by System One's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b).

33. Therefore, the class is properly defined as:

**All employees of System One Holdings, LLC who were, at any point in the past 3 years, paid "straight time for overtime." (the "Putative Class Members").**

### VII. CAUSE OF ACTION – VIOLATION OF THE FLSA

34. By failing to pay Hobbs and the Putative Class Members overtime at one-and-one-half times their regular rates, System One violated the FLSA's overtime provisions.

35. System One owes Hobbs and those similarly situated to him the proper overtime rate for all overtime hours worked.

36. Because System One knew, or showed reckless disregard for whether, its pay practice violated the FLSA, it owes these wages for at least the past three years.

37. Hobbs and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action

### VIII. JURY DEMAND

38. Hobbs demands a trial by jury.

### IX. PRAYER

39. Wherefore, Hobbs prays for relief as follows:

    a. An order allowing this action to proceed as a representative collective action under the FLSA;

b. Judgment awarding Hobbs and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

c. An award of pre- and post-judgment interest at the highest rate allowable by law, and

d. All such other and further relief to which Hobbs and the Class Members may show themselves to be justly entitled.

Respectfully submitted,

BY: */s/ Michael A. Josephson*
Michael A. Josephson
Pennsylvania Bar No. 308410
Texas Bar No. 24014780
Andrew Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Joshua P. Geist
PA. I.D. No. 85745
Goodrich & Geist, P.C.
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

AND

        Richard J. (Rex) Burch
        Texas Bar No. 24001807
        *(pending pro hac vice)*
        **BRUCKNER BURCH, P.L.L.C.**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**