# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH DIVISION

| | |
|---|---|
| THOMAS HOBBS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>SYSTEM ONE HOLDINGS, LLC | **Docket No. 2:18-CV-00181**<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S UNOPPOSED MOTION TO APPROVE COLLECTIVE ACTION SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE

**Michael A. Josephson**
PA ID 308410
**Andrew Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Joshua P. Geist**
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## I. INTRODUCTION

Plaintiff Thomas Hobbs (Hobbs or Plaintiff) files this Unopposed Motion to Approve Collective Action Settlement and Dismiss the Lawsuit with Prejudice pursuant to the settlement reached in this case. The settlement is a reasonable compromise that will adequately compensate the participants for the unpaid overtime hours alleged and will eliminate the need for the Parties to engage in protracted and expensive litigation.

## II. BACKGROUND

Hobbs filed this collective action on February 2, 2018. ECF 1. Hobbs alleged Defendant System One Holdings, LLC (System One) paid him and other similarly situated employees the same hourly rate for hours worked, including those in excess of 40 in a work week (straight time for overtime) in violation of the Fair Labor Standards Act (FLSA). *Id.* Hobbs therefore claimed he and the class members were entitled to unpaid back wages, as well as liquidated damages, attorneys' fees, interest, and costs. *Id.*; *see also* 29 U.S.C. § 216.

On May 4, 2018, Hobbs filed a Motion for Conditional Certification (ECF 17), which the Court determined was moot on July 19, 2018 (ECF 39) after Hobbs filed an Amended Motion for Conditional Certification (ECF 35) on July 2, 2018. On July 11, 2018, the Parties attended their first mediation with experienced mediator Carole Katz. On July 26, 2018, the Parties filed a Joint Motion for Continuance of Mediation, to Stay System One's Response to Hobbs' Amended Motion for Conditional Certification, and to Stay Discovery. ECF 40. The Court granted the same on July 27, 2018. ECF 41.

Thereafter, the Parties devoted considerable time and effort to the mediation process, exchanged significant information, compensation data, and discovery. After much dispute as to the scope of the putative class, the Parties attended a second mediation session before Carole Katz. The parties hotly contested System One's actions, good faith, pay practices, and other issues. Ultimately,

the following settlement was reached:

| | |
|---|---|
| Maximum Gross Settlement Amount: | $800,000.00 |
| Attorneys' Fee Payment: | $320,000.00 |
| Expense Payment: | up to $50,000.00 (inclusive of settlement administration costs) |
| Employer's Share of Taxes: | up to $20,000.00 |
| Net Settlement Amount: | $410,000.00[1] |

The Participating Class Members will receive meaningful relief for their claimed overtime hours. Hobbs submits this is a fair and reasonable result of a *bona fide* dispute concerning the payment of wages to Hobbs, the Opt-in Plaintiffs, and the Participating Class Members. *See* Exhibit 1, Settlement Agreement and Release (the Agreement), at ¶ 2.3.

### III. SETTLEMENT TERMS

The settlement terms are set forth in the Agreement. *See* Ex. 1. A summary of the settlement terms is as follows:

- The settlement is for a total of $800,000.00 (the Maximum Gross Settlement Amount). *Id.* at ¶ 1.16;

- Hobbs and the Opt-in Plaintiffs will each receive individual Settlement Amounts based on the alleged hours they worked during the relevant time period. *Id.* at ¶ 1.16(c)(ii);

- The Participating Class Members will each receive individual Class Member Allocations based on an analysis of each workweek that each Participating Class Member worked during the relevant time period *Id.* at ¶ 1.16(c)(iii);

- In exchange for the payments, Hobbs, the Opt-in Plaintiffs, and the Participating Class

---

[1] This amount encompasses $16,161.79 for Hobbs and the Opt-in Plaintiffs and $393,838.21 for Participating Class Members. Ex. 1, at ¶¶ 1.16(c)(ii)-(iii).

- Members will release System One and the Released Parties from any and all Released Claims. *Id.* at ¶ 5.1;

- The Individual Class Member Allocations to each of the Participating Class Members, Hobbs, and the Opt-in Plaintiffs will be composed of two equal payments. One payment will be subject to appropriate deductions and withholdings for wages by System One and reported on an IRS Form W-2 and the other payment will not be subject to deductions and withholdings by System One and will be reported on an IRS Form 1099. *Id.* at ¶ 4.2.1;

- Class Counsels' Attorneys' Fee Payment and Expense Payment (minus the Administration Costs to be retained by the Settlement Administrator, ILYM) shall be paid via wire or by check. These Payments are not be subject to withholdings. *Id.* at ¶ 4.2.2; and

- Class Counsel will receive $320,000.00 in attorneys' fees and up to $50,000.00 in costs and expenses, the latter of which is inclusive of settlement administration costs. *Id.* at ¶¶ 1.16(a)-(b).

## IV. ARGUMENT & AUTHORITY

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee … affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). Because of the public interest in FLSA rights, there are only two ways that FLSA claims can be settled or compromised by employees in this Circuit: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); or (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)." *Adams v. Bayview Asset Mgmt., LLC,* 11 F. Supp. 3d 474, 476 (E.D. Pa. Feb. 26, 2014) (citing *Lynn's Food Stores Inc. v. United States Dept. of Labor,* 679 F.2d 1350, 1354 (11th Cir. 1982)). In the latter situation, "a district court may enter a stipulated judgment after determining that the proposed settlement 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Dino v. Pennsylvania,* C.A.

3

1:08–cv–01493, 2013 WL 4041681, at *3 (M.D. Pa. Aug. 8, 2013) (quoting *Lynn's Food Stores, Inc.,* 679 F.2d at 1352); *Vargas v. Gen. Nutrition Centers, Inc.*, C.A. 2:10-cv-00867, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015).

### A.  A *bona fide* dispute existed.

A dispute is "*bona fide*" when it involves "factual issues" rather than "legal issues such as the statute's coverage and applicability," *Lignore v. Hosp. of Univ. of Pa.,* C.A. 2:04-cv-05735, 2007 WL 1300733, at *3 (E.D. Pa. May 1, 2007) (quoting *Morris v. Penn Mut. Life Ins. Co.,* 1989 WL 14063, at *4 (E.D. Pa. 1989)), and when its settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching…." *Brumley v. Camin Cargo Control, Inc.*, C.A. 2:08-cv-01798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food,* 679 F.2d at 1354); *see also Creed v. Benco Dental Supply Co.*, C.A. 3:12-cv-01571, 2013 WL 5276109, at *1 (M.D. Pa. Sept. 17, 2013).

Further, Congress has recognized that due to the unequal bargaining power between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part that endangered national health and efficiency and, as a result, the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706-07 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement). This inherent inequality, of course, is diminished when workers are represented by experienced counsel. *See, e.g., Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (giving weight to the fact that "plaintiffs were represented by highly competent counsel"); *see also Fernandez v. A-1 Duran Roofing, Inc.,* 2013 WL

4

684736, at *1 (S.D. Fla. Feb. 25, 2013) (finding court approval of an FLSA settlement unnecessary where "both Parties were represented by counsel and therefore negotiated a settlement … in an adversarial proceeding"). Courts can therefore "approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Diaz v. Scores Holding Co., Inc.*, C.A. 1:07-cv-08718, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* Absent unusual circumstances, "there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca*, 948 F. Supp. 2d at 365 (internal quotations omitted). "If the proposed FLSA settlement reflects a reasonable compromise over contested issues, it should be approved." *McMahon v. Olivier Cheng Catering & Events, LLC*, C.A. 1:08-cv-08713, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010).

In the instant case, the Parties fiercely contested the claims and defenses asserted. Hobbs alleged System One paid the Putative Class Members the same rate for all hours worked, including those in excess of 40 hours in a single workweek (straight time for overtime). ECF 1. Hobbs alleged this violation of the FLSA exposed System One to substantial liability for back wages, liquidated damages, attorneys' fees, and costs. *Id.*; 29 U.S.C. § 216(b). The Parties disputed liability in this case, and only through two mediations and ongoing arm's-length negotiations were they able to reach a compromise. Finally, the Parties contested whether System One's pay policy with regard to the Putative Class Members was made in good faith, or whether System One's alleged violations of the FLSA were willful. ECF 1; ECF 12.

As a result of these arguments, and as reflected in the supporting documentation, extensive informal discovery, and two mediations, the settlement before the Court is the result of a *bona fide* dispute.

### B. The settlement is fair and reasonable.

Courts presented with a proposed settlement of an FLSA claim engage in a two-part analysis. First, the Court must determine if the settlement is fair and reasonable to the employee or employees involved. *See McGee v. Ann's Choice, Inc.,* C.A. 2:12-cv-02664, 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014). If it is, the Court next considers "whether the agreement furthers or impermissibly frustrates the implementation of FLSA in the workplace." *Id.* at *4; *see also Lyons v. Gerhard's Inc.*, C.A. 2:14-cv-06693, 2015 WL 4378514, at *3-4 (E.D. Pa. July 16, 2015).

"It is helpful to recall the guiding principles of settlement in modern litigation, bearing in mind the unique role played by the Court in FLSA collective action disputes." *Deitz v. Budget Renovations & Roofing, Inc.*, C.A. 4:12-cv-0718, 2013 WL 2338496, at *4 (M.D. Pa. May 29, 2013). The standard for approval of FLSA settlements is comparatively lenient. "[U]nlike its role in Rule 23 actions to serve as caretaker and protect absent class members, the court in FLSA class actions serves as gatekeeper to ensure that the parties are not 'negotiating around the clear FLSA requirements' via settlement." *Acevedo v. Brightview Landscapes, LLC*, C.A. 3:13-cv-2529, 2017 WL 4354809, at *13 (M.D. Pa. Oct. 2, 2017) (quoting *Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011)). "In general, settlement is the preferred means of resolving litigation, and there remains a 'strong presumption' in favor of finding a settlement fair. The Court must also keep in mind that a settlement represents a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Deitz*, 2013 WL 2338496, at *4 (internal citations omitted).

Here, despite the extensive informal discovery that has already occurred, both sides would require substantial additional discovery in order to place the case in trial posture. Continued litigation would result in a significant expenditure of resources and would likewise place a substantial drain on judicial resources. *See Craig v. Rite Aid Corp.*, C.A. 4:08-cv-2317, 2013 WL 84928, at *9 (M.D. Pa. Jan. 7, 2013). Settlement is appropriate, and the Court should not have to needlessly expend judicial

resources on a matter that neither party has any interest in continuing to litigate. *See Deitz*, 2013 WL 2338496, at *5.

Importantly, Hobbs agrees that the terms of the Agreement are fair and reasonable, and Hobbs has raised no objections to the Agreement's terms. Hobbs' position strongly supports the approval of the Agreement.

Moreover, the Agreement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years.[2] Both sides have considerable experience in prosecuting, defending, and settling federal and state wage and hour claims, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight."); *see also In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."). Both Parties believe the Settlement of $800,000.00 is reasonable. *See Austin*, 876 F. Supp at 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 787-88 (3d Cir.

---

[2] Class Counsel has served as lead counsel in numerous of large-scale wage and hour class/collective actions.  *See, e.g., Roussell v. Brinker Int'l, Inc.*, C.A. 2:09-cv-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). System One is represented by experienced employment litigation specialists, Stephanie K. Rawitt and Andrew J. Ruxton from Clark Hill PLC and Robert W. Pritchard, Christopher Michalski, and Sarah J. Miley of Littler Mendelson PC.

1995); *Fisher Brothers*, 604 F. Supp. at 452 ("The professional judgment of counsel involved in the litigation is entitled to significant weight."); *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *Antibiotic Antitrust Actions*, 410 F. Supp. at 667 ("The recommendation of experienced antitrust counsel is entitled to great weight."). This favors approval of the Agreement.

Finally, there is no foundation to dispute the fairness of this proposed agreement, which resulted from arm's length negotiations. The agreement does not grant preferential treatment to the named plaintiff, and it does not provide excessive compensation to counsel. *See In re Inter-Op Prosthesis Liab. Litig.*, 204 F.R.D. 359, 379 (N.D. Ohio 2001). Accordingly, the standards for approval are met in this case, and the Court should grant Hobbs' Motion and approve the settlement agreement in its entirety. *See In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1999).

## V.     AWARD OF ATTORNEYS' FEES AND COSTS

Pursuant to Rule 54(d)(2), Class Counsel seeks an Attorneys' Fee Payment in the amount of $320,000.00 and an Expense Payment up to $50,000.00 (inclusive of settlement administration costs). After extensive negotiation, System One does not oppose Class Counsel's application for these payments and costs. *See generally*, Ex. 1.

### A.  The attorneys' fees and costs requested are reasonable and customary.

In the Third Circuit, a Court may evaluate the award of attorneys' fees through two established methods: (1) the lodestar approach and (2) the percentage of the recovery approach. *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 540 (3d Cir. 2009); *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006). Under the common fund doctrine, "a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 187 (3d Cir. 2005) (citation omitted). When calculating attorneys' fees in such cases, the

percentage-of-recovery method is generally favored. *In re Diet Drugs*, 582 F.3d at 540 (citing *In re Prudential Ins. Co.*, 148 F.3d 283, 333 (3d Cir. 1998)).

In determining what constitutes a reasonable percentage fee award in the Third Circuit, a district court must consider ten factors: (1) the size of the fund created and the number of beneficiaries; (2) the presence or absence of substantial objections by plaintiff(s) to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorney involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of plaintiff's counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of the settlement. *In re Diet Drugs*, 582 F.3d at 541 (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000); *In re Prudential,* 148 F.3d at 342). These factors support approval of the requested fee and are discussed below.

1. <u>The size of the fund created and the number of beneficiaries, as well as the value of the benefits supports the requested fee.</u>

The results obtained represent a significant benefit in the face of the many legal and factual risks posed by litigation. Here, the $410,000.00 Net Settlement Amount will be distributed to Hobbs, the Opt-in Plaintiffs, and the Participating Class Members on a *pro rata* basis dependent upon the number of weeks worked and/or overtime at issue. *See* Ex. 1, ¶¶ 1.16(c)(ii)-(iii).

More specifically, the Individual Class Member Allocations are based on an analysis of each workweek that Hobbs, each Opt-in Plaintiff, and each Participating Class Member worked for System One during the relevant time period. The Agreement represents a substantial portion of alleged unpaid overtime damages owed to the Class Members. For these reasons, the Agreement creates a substantial

benefit for Hobbs, the Opt-in Plaintiffs, and the Participating Class Members. *See* Exhibit 2, Dunlap Decl., at ¶¶ 22-28.

        2.   <u>The absence of substantial objections by Hobbs supports the requested fee.</u>

To date, there have been no objections to either the settlement terms generally or to the attorneys' fee request specifically. The absence of any objection weighs in favor of the fee request. *See Bredbenner*, 2011 WL 1344745, at *20.

        3.   <u>The skill and efficiency of Class Counsel that enabled them to obtain this result supports the requested fee.</u>

In evaluating the skill and efficiency of the attorneys involved, courts have looked to "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *Chemi v. Champion Mortg.*, C.A. 05-cv-1238, 2009 WL 1470429, at *11 (D.N.J. May 26, 2009) (internal quotations omitted).

Here, Class Counsel includes attorneys with significant employment law as well as class and collective action experience. *See* Ex. 2, ¶¶ 3-11. Class Counsel assumed a very real risk in taking on this case. Class Counsel took the case on a contingency basis, and was prepared to invest time, effort, and money over a period of years with no absolutely no guarantee of any recovery. *Id.* at ¶ 8.

The Agreement reached with System One, which involves complex provisions that are specific to Section 216(b)'s collective action provision of the FLSA, reflects Class Counsels' experience. *Id.* at ¶¶ 3-18. This Agreement was reached after extensive fact discovery, including exchanging numerous pages of documents and compensation data, two mediations with experienced mediator Carole Katz, and ongoing arm's length settlement negotiations between counsel for the Parties. *Id.* at ¶¶ 19-21.

The Agreement provides Hobbs, the Opt-in Plaintiffs, and the Participating Class Members with substantial benefits without having to wait for years of drawn out litigation. Accordingly, this factor favors the requested fee.

4. <u>The complexity and duration of the litigation favor approval.</u>

As discussed above, this case has been pending for over a year and documents pertaining to System One's procedures and payments to the Class Members were obtained through informal discovery and two mediations before Carole Katz. Given these substantial efforts, this factor weighs in favor of awarding the requested fee. *Keller v. TD Bank, N.A.*, C.A. 12-5054, 2014 WL 5591033, at *15 (E.D. Pa. Nov. 4, 2014). The Parties engaged in analysis of wage-and-hour records for each plaintiff. Moreover, further litigation of this case without a settlement would be lengthy and expensive for both Parties.

5. <u>There was a significant risk of nonpayment.</u>

Class Counsel represented Hobbs entirely on a contingent basis, with no guarantee of payment, and there were significant hurdles to overcome in achieving the settlement. Ex. 2, at ¶ 8. Class Counsel invested time and expenses despite the potential that the court would find no violation of the FLSA, and despite the potential for decertification or the possibility of appeal(s). Given these considerations, the significant risk of non-payment weighs in favor of the requested fee. *See Brumley*, 2012 WL 1019337, at *11 (D.N.J. Mar. 26, 2012)

6. <u>Class Counsel devoted substantial time to the case.</u>

Class Counsel consisted of a team of attorneys, paralegals, and staff all dedicated to working up and prosecuting the Class Members' claims. This work included investigation and interviews with Hobbs, obtaining statements from Hobbs, reviewing documents System One produced, reviewing and analyzing time and payroll data, and engaging in extensive settlement negotiations, including two separate mediations with Carole Katz. *See generally* Ex. 2. These efforts support the approval of the fee requested. *See Brumley*, 2012 WL 1019337, at *11.

7. <u>The awards in similar cases support the requested fee.</u>

The requested fee is also consistent with awards in similar cases. *See* Ex. 2, ¶ 29. The Third Circuit has noted that fee awards generally range from 19% to 45% of the Settlement Award. *See Brumley,* 2012 WL 1019337, at *12 (approving fee of one-third of the common fund (citing *In re Gen. Motors*, 55 F.3d at 822)).

Here, Class Counsels' request for $320,000.00 of the Maximum Gross Settlement Amount falls within the range of reasonable allocations in the context of awards granted in other, similar cases. *See, e.g., Seagraves v. Range Resources Corporation*, C.A. 2:17-cv-1009-JFC, ECF 40 (W.D. PA Oct. 16, 2018) (approving 33.33% attorneys' fees); *Lovett v. Connect America.com*, C.A. 14-2596, 2015 WL 5334261, at *5 (E.D. Pa. Sept. 14, 2015) (approving 38.26% attorneys' fees); *Mabry v. Hildebrandt*, C.A 14-5525, 2015 WL 5125810, at *4 (E.D. Pa. Aug. 24, 2015) (approve 40% attorneys' fees); *Lyons v. Gerhard's Inc.*, C.A. 14-06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015) (approving 44% attorneys' fees); *Rouse v. Comcast Corp.*, 2015 WL 1725721, at *12 (E.D. Pa. Apr. 15, 2015) (allowing percentage-of-recovery for attorneys' fees at roughly 35% for FLSA, PMWA, and WPCL claims); *Stivers v. Office Depot*, C.A. 12-cv-1534 (W.D. Pa. Sept. 19, 2013) (Eddy, J.) (approving fee award of 33.33% of the total settlement amount to class counsel in wage and hour settlement); *Caudell v. RDL Energy Services, LP*, C.A. 2:11-cv-01523-JFC (W.D. Pa. Jul. 30, 2012) (Conti, J.) (same); *Bearden v. Precision Air Drilling Services, Inc.*, C.A. 2:11-cv-01511- NBF (W.D. Pa. Sept. 26, 2012) (Fischer, J.) (same); *Thomas v. Allis-Chalmers*, C.A. 2:10-cv- 01591-RCM (W.D. Pa. Sept. 11, 2012) (Mitchell, J.) (same); *Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745 (D.N.J. Apr. 8, 2011) (approving an award of 32.6% of the Settlement fund); *Erie County Retirees Assoc. v. County of Erie. Pa.*, 192 F. Supp. 2d 369, 382-83 (W.D. Pa. 2002) (McLaughlin, J.) (38% of common fund awarded as fees in ADEA collective action case brought pursuant to 29 U.S.C. §216(b)); *see also Williams v. Aramark Sports, LLC*, C.A. 10-cv-1044, 2011 WL 4018205, at *10 (E.D. Pa. Sept. 9, 2011) (noting that study of class action fee awards within the Third

Circuit found that average attorney's fees percentage in such cases was 31.71% and the median award was 33.3%). The attorneys' fees request of approximately 40% of the Maximum Gross Settlement Amount also comports with contingent fees privately negotiated on the open market. *See Bredbenner*, 2011 WL 1344745, at *21.

Accordingly, the fees approved in similar cases further support the requested fee here.

       8.  <u>Class Counsel's costs should be approved.</u>

In addition to being entitled to reasonable attorneys' fees, the FLSA provides for the reimbursement of costs. *See* 29 U.S.C. § 216(b). Here, Class Counsel seeks up to $50,000.00 to reimburse Class Counsel for the costs and expenses in bringing this action. Importantly, this amount includes settlement administrations costs to be paid to the Settlement Administrator, ILYM. Class Counsel's costs include reasonable out-of-pocket expenditures, such as filing fees, travel for hearings, multiple mediations, client meetings, and Westlaw. *See* Ex. 2, ¶ 30; *see also Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004) (finding expenses such as "(1) travel and lodging, (2) local meetings and transportation, (3) depositions, (4) photocopies, (5) messengers and express service, (6) telephone and fax, (7) Lexis/Westlaw legal research, (8) filing, court and witness fees, (9) overtime and temp work, (10) postage, and (11) the cost of hiring a mediator, to be reasonable). All of these expenses were reasonable and necessary for the successful prosecution of this case, and pursuant to the terms of the Settlement Agreement, System One does not object to the request for costs. *See generally* Ex. 1.

**VI.   DISMISSAL OF LAWSUIT WITH PREJUDICE**

In addition to approving the Agreement, Hobbs respectfully requests the Court dismiss this lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**VII.   CONCLUSION**

For these reasons, Hobbs respectfully requests the Court grant his Unopposed Motion to Approve Collective Action Settlement and to Dismiss Lawsuit with Prejudice.

        Respectfully submitted,

        */s/ Andrew W. Dunlap*
        **Michael A. Josephson**
        Pennsylvania Bar No. 308410
        Texas Bar No. 24014780
        **Andrew Dunlap**
        Texas Bar No. 24078444
        **JOSEPHSON DUNLAP**
        11 Greenway Plaza, Suite 3050
        Houston, Texas 77046
        Tel: (713) 352-1100
        Fax: (713) 352-3300
        mjosephson@mybackwages.com
        adunlap@mybackwages.com

        **AND**

        **Joshua P. Geist**
        PA. I.D. No. 85745
        **Goodrich & Geist, P.C.**
        3634 California Ave.
        Pittsburgh, PA 15212
        Tel: 412-766-1455
        Fax: 412-766-0300
        josh@goodrichandgeist.com

        **AND**

        **Richard J. (Rex) Burch**
        Texas Bar No. 24001807
        **BRUCKNER BURCH PLLC**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on September 20, 2019 in accordance with the Federal Rules of Civil Procedure.

        */s/ Andrew W. Dunlap*
        **Andrew W. Dunlap**

## CERTIFICATE OF CONFERENCE

    I conferred with Counsel for System One, and, pursuant to the Parties' Settlement Agreement and Release (Ex. 1), System One is not opposed to the relief sought herein.

*/s/ Andrew W. Dunlap*
**Andrew W. Dunlap**
